**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Joseph R. WILSON, Respondent.**

Supreme Court of Kentucky.

July 1, 1977.

Rehearing Denied Oct. 28, 1977.

Leslie G. Whitmer, Director, John T. Damron, Asst. Director, Frankfort, for complainant.

Joseph R. Wilson, Louisville, pro se.

PER CURIAM.

This is a disciplinary proceeding in which the Board of Governors of the Kentucky Bar Association found Joseph R. Wilson guilty of unprofessional conduct. The board recommended that Wilson be permanently disbarred from the practice of law.

A charge was filed against Wilson after he failed to file a response to the complaints certified to him. After the charge was filed, Wilson failed to file an answer as required by RCA 3.160. The inquiry tribunal entered an order submitting the record to the Board of Governors for disposition. The only action taken by Wilson was a motion for an extension of time (5 days) in which to respond to the rule issued against him by this court. That motion was filed two months after the Board of Governors had voted that Wilson be disbarred.

Wilson settled a personal injury claim for a client. A check in the amount of $281.19 made payable to Wilson and his client jointly was received by him on June 29, 1976. The client by affidavit stated:

". . . I kept trying to call Mr. Wilson and every time I called him, he was never in his office or he was busy and would not talk to me. He did return my calls on a few occasions and told me the check was not there. The endorsement which appears on the back of the copy of the check . . . is not my true and correct signature. I do not know who forged my signature on this check."

Five months after he received the check, Wilson, at the request of the Department of Insurance sent his personal check to the client in the amount of $281.19. In a cover letter he stated:

"I am embarrassed that these payments were apparently made in the latter part of June and that I was not able to identify the payment until recently. This was apparently due to a mix-up in my office and since I happen to be the boss I must take the responsibility."

Count I of the charge against Wilson was that he had forged or caused to be forged the name of his client. Count II charged that Wilson comingled the funds with his own money and failed to properly account for the funds until November 13, 1976, when he sent the client his personal check. Count III charged that Wilson represented to his client that no check had been received.

The record reveals that there was ample evidence to support each count of the charge against Wilson.

This court is of the opinion that the facts set out in each count constitute such dishonesty as to warrant Wilson's permanent disbarment from the practice of law.

Honesty, good moral character, and high ethical standards are necessary qualifications for admission to the bar. Wilson fell short of the mark of the prize of the high calling of his chosen profession. His conduct in this matter shows that he has failed to fulfill a trust assumed by him. See *Kentucky Bar Association v. Tucker*, Ky., 535 S.W.2d 97 (1975).

Accordingly, it is ordered that Wilson be permanently disbarred from the practice of law in this Commonwealth, and he is required to pay the costs of this action.

All concur.