IN THE MATTER OF JOSEPH P. CLARK, AN ATTORNEY AT LAW.

Argued June 12, 1980—Decided July 15, 1980.

*Colette A. Coolbaugh,* Secretary, argued the cause for the Disciplinary Review Board.

*John A. Ridley* argued the cause for respondent.

PER CURIAM.

This disciplinary matter involves respondent Joseph P. Clark who was admitted to the bar of this State in 1970. He has been under suspension from the practice of law since 1978 as the result of the filing of five complaints charging him with the misappropriation and misuse of trust funds.

It is unnecessary to spell out the factual details of each complaint. Respondent admits that the charges against him are essentially true. Each complaint involves a closing of title to real property in which respondent represented the purchaser. In four of the cases respondent was entrusted with substantial sums of money, aggregating some $107,500, to be used to pay off existing mortgages. Respondent, however, failed to have the liens discharged and instead used the monies for other purposes. The fifth complaint charged that although respondent had received monies at a closing to pay for a title search, title insurance and deed recordation, he had not paid the title company, did not obtain title insurance and did not record the deed, but instead, misappropriated the monies.

As noted, respondent does not deny any of the charges. However the record does show that as to one of the complaints respondent finally paid off the $45,000 mortgage after a delay of some six months. The record also shows that, as to another of the mortgage matters, a claim was filed with the Clients' Security Fund which paid $10,290 to satisfy the claim.

The Disciplinary Review Board (DRB) concluded that respondent had engaged in conduct involving fraud, deceit and dishonesty, DR1–102; that he grossly neglected legal matters entrusted to him, DR6–101 and that he misused client trust funds and failed to maintain adequate financial records, DR9–102. The DRB noted that no mitigating circumstances were perceived by the District Ethics Committee. Disbarment was recommended.

We agree with the DRB findings and recommendations. The ethical violations found, and indeed admitted, are most serious. Respondent cannot be trusted to handle clients' funds or to attend to clients' legal interests. He has demonstrated his

unfitness to practice law. *In re Wilson*, 81 *N.J.* 451 (1979). His name will be stricken from the roll.

So ordered.

## ORDER

It is ORDERED that JOSEPH P. CLARK of Shrewsbury be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that JOSEPH P. CLARK be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.

*For disbarment*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*Opposed*—None.