No. 54,133

STATE OF KANSAS, *Petitioner*, v. WILLIAM T. DAVITT, *Respondent*.

(671 P.2d 1123)

Opinion filed November 14, 1983.

*William T. Davitt,* of Wichita, argued the cause and was on the brief pro se.

*Roger Walter,* counsel for the Disciplinary Administrator, argued the cause and was on the brief for petitioner.

*Per Curiam:* On or about January 26, 1981, Rita Winter, of Andale, Kansas, complained to Arno Windscheffel, Disciplinary Administrator, that she had been overcharged by William T. Davitt, respondent, a member of the bar of the State of Kansas, for legal services rendered her brother, Bernard Michael Treiber. The complaint was submitted to the review committee of the Kansas Board for Discipline of Attorneys which found probable cause to believe that respondent may have violated the Code of Professional Responsibility. Supreme Court Rule 209, 230 Kan. ciii. Thereupon the Disciplinary Administrator filed a formal complaint against respondent alleging, *inter alia,* "Respondent entered into an agreement and collected a fee which was clearly excessive." Respondent filed an extensive answer, out of time, in which he asserted, *inter alia,* that the total fees collected from Mrs. Winter for various matters involving his representation of her brother, and for other services, did not adequately compensate him for his services and expenses and that he had not overcharged Mrs. Winter. Due to the long and tortured history of this complaint, the facts will be set forth in some detail. At the initial hearing before the disciplinary panel,

complainant and respondent were the only witnesses and nineteen exhibits were introduced.

Rita Winter and members of her family had been clients of respondent for approximately twenty years when, in December, 1977, Mrs. Winter contacted respondent about representation for her brother, Bernard Michael Treiber. Mr. Treiber was the putative father of an illegitimate child to be born in January of 1978. The mother desired to place the child for adoption and after it was born an adoption proceeding was filed by the proposed adoptive parents. In addition to opposing the adoption proceeding, Mr. Treiber filed a separate action seeking custody of the child. Shortly after it became apparent that Mr. Treiber would contest any attempt to adopt the child, the adoptive parents dismissed their adoption petition and the child was returned to its natural mother. He did not prevail in the custody action, although visitation and parental rights were established, and he appealed to the Court of Appeals on the question of custody. See *Treiber v. Stong*, 5 Kan. App. 2d 392, 617 P.2d 114, *rev. denied* 228 Kan. 807 (1980). Further details surrounding the various district court proceedings will be found in that case and need not be repeated here. Respondent represented Mr. Treiber in the Sedgwick County proceedings, a habeas corpus action filed in the Court of Appeals, and in a unique appeal to this court seeking to bypass and avoid the usual appellate procedure and asking for immediate relief from the trial court decision. Throughout these various proceedings respondent was paid $8,932.50 for fees and expenses with the last payment being made on May 29, 1980.

The testimony before the hearing panel was conflicting in many respects and is set forth from the record in the light supporting the panel's findings and conclusions. The Court of Appeals opinion affirming the trial court was filed September 26, 1980. Thereafter, Mrs. Winter advised respondent that she and her brother wanted to appeal the decision. Respondent explained that in his opinion it would be necessary to file a motion for rehearing with the Court of Appeals and, if denied, then a petition for review with this court. He stated it would be necessary for Mrs. Winter to pay him $3,000.00 to take the case "through" the Kansas Supreme Court. Mrs. Winter inquired about a refund in the event this court denied the petition for

review. She asserts that she was assured by respondent that the Supreme Court would grant review and respondent avoided answering her inquiry. No agreement was reached as to any refund in the event this court did not grant review. Mrs. Winter paid respondent the requested $3,000.00 on or about October 3, 1980, for the specific purpose of the motion for rehearing and review proceedings before this court. Respondent filed a motion for rehearing with the Court of Appeals which was denied October 23, 1980. He then prepared and filed a petition for review with this court which was denied November 6, 1980. On December 16, 1980, and again on January 5, 1981, Mrs. Winter wrote respondent seeking a partial refund of the last $3,000.00 payment. Respondent failed to respond to her letters and allegedly threatened her during her telephone calls and, on January 26, 1981, the Disciplinary Administrator received her letter of complaint setting in motion these disciplinary proceedings.

On January 20, 1982, a panel of the Board for Discipline of Attorneys heard evidence upon the complaint. The State of Kansas was represented by Roger Walter, disciplinary counsel, and Mr. Davitt was represented by his attorney, Michael A. Barbara. (Mr. Barbara represented respondent during the panel hearing only and respondent has proceeded pro se since that time.) Following a complete hearing the panel issued its unanimous report on February 9, 1982. Among others, the panel made the following findings of fact:

"1. That the respondent received from Rita Winter the sum of $11,932.50 from January 3, 1978 to October 3, 1980, upon the request for money by the respondent from the said Rita Winter. That no written statements were made and no accounting of time spent on the case was given to complainant. That the respondent testified that he had spent time that would entitle him to draw the sum of $20,186.50 as attorney fees.

"2. That the sum of $3,000.00 paid on October 3, 1980, was for the purpose of taking the decision of the Court of Appeals in Case No. 51067, Kansas Appeals, Vol. 5, Page 392, *Treiber v. Stong,* through the Supreme Court. That the respondent filed with the Court of Appeals a motion for rehearing and a petition in the Supreme Court for review of the Court of Appeals' decision.

"3. That the sum charged for this service was excessive,"

and concluded that respondent had violated the provisions of DR 1-102(A)(6) (230 Kan. cxi) and DR 2-106(A) and (B) (230 Kan. cxvii).

The report and recommendations of the disciplinary panel started a flood of motions, emergency motions and other plead-

ings prepared and filed by respondent, pro se. He also filed exceptions to the panel report, briefs were filed and the case was argued before this court on September 17, 1982. Prior to our decision, respondent filed an "emergency motion" on September 23, 1982, seeking a stay of proceedings and an opportunity to present new evidence to the panel relative to the credibility of the complainant. On September 24, 1982, we remanded the proceedings to the disciplinary panel with directions that it conduct further proceedings pursuant to respondent's motion and allegations. Additional motions and pleadings were filed with the Board and the matter was finally heard again by the panel on May 20, 1983. Following a full day's hearing the panel found nothing to warrant any change in its prior report, conclusions and recommendations. The matter is now before this court, again, for a final determination notwithstanding that numerous additional motions have been filed by the respondent seeking various types of relief. Respondent has had two complete hearings before the disciplinary panel, one argument before this court and careful consideration of all his various motions. The entire record has been reviewed at length by the court.

Respondent's basic premise in his defense to the allegations of Mrs. Winter and the formal complaint filed against him is that he did far more work for Mrs. Winter and Mr. Treiber than he was paid for and therefore the total services rendered should be considered in determining whether he was overpaid. The argument might have merit if he had reached such an agreement with his clients. The record is clear that respondent kept no time records, has no accounting system, submitted no bills or statements and failed to discuss fees with these clients or reach any clear understanding and agreement with them. Mrs. Winter testified that periodically respondent would advise her that he needed more money and additional sums would be provided.

The record in this case is replete with irrelevant evidence and testimony about various political crusades carried on by complainant and respondent in support of an organization known as "Fathers Demanding Equal Justice," against the Legal Aid Society in Kansas and elsewhere, and in support of and opposition to various political campaigns in Sedgwick County. Many of the services rendered by respondent appear to be totally divorced from the child custody proceedings involving the child of Mr.

Treiber. We concur that the hours expended by respondent for the various causes, lawsuits and other proceedings might justify fees in excess of what was received by respondent. However, that was not the issue before the disciplinary panel and is not the issue before this court. The simple issue is whether a charge of $3,000.00 for the preparation and filing of a motion for rehearing in the case of *Treiber v. Stong* in the Kansas Court of Appeals and a petition for review of that decision prepared and filed in this court justifies a fee of $3,000.00. The motion for rehearing consists of two and one-half pages and the petition for review contains fourteen pages. Both are merely a rehash of alleged factual disputes and arguments previously presented to the Court of Appeals. No new authorities are cited and no justifiable grounds for relief are asserted.

In *State v. Pringle*, 233 Kan. 726, 667 P.2d 283 (1983), the court stated:

"The findings of a panel should be accorded some weight, although the panel's report is advisory and not binding on the court. *State v. Freeman*, 229 Kan. 639, 644, 629 P.2d 716 (1981). In *State v. Zeigler*, 217 Kan. 748, 755, 538 P.2d 643 (1975), 93 A.L.R.3d 869, the court stated:

'The State Board of Law Examiners [now Kansas Board for Discipline of Attorneys] was created by rule of this court (K.S.A. 1974 Supp. 7-124, No. 202[*a*]), as an adjunct of the court to have general supervision over the discipline of attorneys. The role of the Board is similar to that of a commissioner appointed by this court to conduct hearings and to make a report of his findings, conclusions, and recommendations. Although such a report is advisory only, it will be given the same dignity as a special verdict by a jury, or the findings of a trial court, and will be adopted where amply sustained by the evidence, or where it is not against the clear weight of the evidence, or where the evidence consisted of sharply conflicting testimony. (See 7 C.J.S. Attorney and Client § 37, p. 805.)' " p. 732.

In the case at bar there is ample evidence to support the factual findings of the disciplinary panel that the $3,000.00 payment of October 3, 1980, was for the purpose of "taking the decision of the Court of Appeals in . . . *Treiber v. Stong* through the Supreme Court" and "that the sum charged for this service was excessive." We concur with the disciplinary panel that respondent has violated DR 1-102(A)(6) and DR 2-106(A) and (B).

A majority of the members of this court are of the opinion that respondent should be disciplined by Public Censure. Rule 203(a)(3) (230 Kan. xcix).

IT IS THEREFORE ORDERED AND ADJUDGED that respondent be and

he is hereby disciplined by Public Censure, the costs herein are assessed to the respondent, and the Reporter of the Appellate Courts is directed to publish this order in the official Kansas Reports.

Effective this 14th day of November, 1983.