No. 58,519

In the Matter of CHRISTOPHER P. CHRISTIAN, *Respondent.*

(709 P.2d 987)

Opinion filed December 6, 1985.

*Roger N. Walter,* disciplinary counsel, appeared for the Disciplinary Administrator.

*Jack Focht,* of Wichita, appeared for the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by Arno Windscheffel, disciplinary administrator, against Christopher P. Christian, of Wichita, an attorney duly admitted to the practice of law in Kansas.

On or about September 3, 1982, Hans Burgdorf retained respondent and the law firm of which he was a member to represent him in connection with a personal injury claim against the owners of Paradise Lake, a recreational lake in Sedgwick County. Hartford Insurance Company was the liability insurance carrier for Paradise Lake and was also a client of respondent's law firm. Respondent failed to secure a settlement of Mr. Burgdorf's claim and failed to file suit prior to the running of the statute of limitations. Respondent did not advise his client that his claim was barred by the statute of limitations and did not advise his law partners. Respondent advised Mr. Burgdorf he had an offer of $1,500.00 from the Hartford, it was all it would pay, and he recommended it be accepted. Mr. Burgdorf agreed and accepted the $1,500.00, which was paid by respondent's law firm and did not come from the insurance company. Subsequently the law firm discovered the questionable disbursement and, upon questioning, respondent admitted what had occurred. The foregoing facts, while greatly summarized, are not disputed by the respondent.

The Kansas Board for Discipline of Attorneys held a hearing on the complaint and on August 26, 1985, filed its report with the clerk of the appellate courts in which it made extensive findings of fact. It also found:

"It is the unanimous finding of the hearing panel that there is clear and convincing evidence that respondent neglected a legal matter entrusted to him, in violation of DR 6-101(A)(3), that respondent engaged in dishonesty, deceit and

misrepresentation in violation of DR 1-102[A](4); that respondent's conduct adversely reflects on his fitness to practice law in violation of DR 1-102[A](6); that respondent attempted to limit his liability to his client for his personal malpractice in violation of DR 6-102(A); that respondent knowingly made false statements of law and fact in violation of DR 7-102[A](5)."

It then recommended that respondent be suspended from the practice of law for one year.

In considering disciplinary proceedings the Supreme Court is not bound by the recommendations of the Kansas Board for Discipline of Attorneys and the same are advisory only. Supreme Court Rule 212(f), 235 Kan. cxxx; *State v. Davitt*, 234 Kan. 283, 671 P.2d 1123 (1983).

After a careful review of the record, a minority of the members of the court would accept the recommendations of the disciplinary board. However, a majority of the court is of the opinion that the serious nature of the conduct of the respondent requires that he be indefinitely suspended from the practice of law in Kansas.

It Is Therefore Ordered And Adjudged that Christopher P. Christian be and he is hereby indefinitely suspended from the practice of law in the State of Kansas and the costs of this action are assessed to the respondent.

Herd, J., dissenting: I would follow the recommendation of the disciplinary panel and suspend respondent for one year rather than give him indefinite suspension.