No. 61,068

In the Matter of WILLIAM VAN HORN SMITH, *Respondent.*

(747 P.2d 118)

Opinion filed December 11, 1987.

*Bruce E. Miller,* disciplinary administrator, and *Stanton A. Hazlett,* deputy disciplinary administrator, appeared for petitioner.

*Jim Lawing,* of Wichita, and *William Van Horn Smith,* pro se, appeared for respondent.

*Per Curiam*: This is an original proceeding in discipline filed by Bruce E. Miller, disciplinary administrator, against William Van Horn Smith, of Garden City, an attorney duly admitted to the practice of law in Kansas.

The facts are not in dispute. The respondent settled a lawsuit for his client, Everett L. Kobobel, in February 1986, for $17,500. Separate settlement checks were issued by the two defendants in the lawsuit. One check for $7,500 was sent to Mr. Kobobel. A second check for $10,000 was deposited by respondent in a separate checking account maintained by him in which respondent's personal and business funds were deposited. Respondent was entitled to retain a portion of the settlement proceeds for his fee and expenses, but the balance of the proceeds belonged to Mr. Kobobel. Respondent used all of the settlement funds for personal and business purposes and failed to remit to his client his share of the settlement proceeds until after a disciplinary complaint was filed against him by a Colorado attorney representing Mr. Kobobel. The foregoing facts, while greatly summarized, are not disputed by the respondent.

The Kansas Board for Discipline of Attorneys held a hearing on the complaint and on July 20, 1987, filed its report with the Clerk of the Appellate Courts in which it made extensive findings of fact and conclusions of law. The panel unanimously concluded that the evidence clearly and convincingly showed:

"1. Respondent failed to preserve the identity of funds belonging to his client in that he deposited funds of his client in his personal account with funds belonging to him, and not in a separate account designated for clients' funds, in violation of DR 9-102(A) [235 Kan. clii].

"2. Respondent failed to promptly pay to his client, as requested by his client, the client's share of settlement proceeds in the possession of Respondent which the client was entitled to receive, in violation of DR 9-102(B)(4) [235 Kan. cliii].

"3. Respondent engaged in conduct involving dishonesty in utilizing his client's funds for his personal and business purposes without the consent of his client, in violation of DR 1-102(A)(4) [235 Kan. cxxxvii]."

The panel then recommended that the respondent be suspended from the practice of law for a period of 90 days.

In considering disciplinary proceedings, the Supreme Court is not bound by the recommendations of the Kansas Board for Discipline of Attorneys and the same are advisory only. Supreme Court Rule 212(f), 235 Kan. cxxx; *State v. Davitt*, 234 Kan. 283, 671 P.2d 1123 (1983).

After a careful review of the record, the majority of the court is of the opinion that the severe nature of the conduct of the respondent requires that he be suspended from the practice of law in Kansas for a period of one year.

IT IS THEREFORE ORDERED AND ADJUDGED that William Van Horn Smith be and is hereby suspended from the practice of law in the State of Kansas for one year from this date and that the costs of this action be assessed to the respondent.