No. 61,834

In The Matter of William Van Horn Smith, *Respondent.*

(754 P.2d 808)

Opinion filed April 29, 1988.

*Bruce E. Miller,* disciplinary administrator, appeared for the petitioner.

*Jim Lawing,* of Wichita, and *William Van Horn Smith,* pro se, appeared for respondent.

*Per Curiam:* This is an original proceeding in discipline filed by Bruce E. Miller, disciplinary administrator, against William Van Horn Smith, of Garden City, an attorney duly admitted to the practice of law in Kansas.

The facts are not in dispute. Respondent settled a lawsuit for his clients, Richard Dansel and David Dansel. The settlement draft dated July 31, 1985, in the amount of $12,500.00, was endorsed by the respondent and deposited in an account which respondent maintained for business and personal use. Respondent's clients were aware of the settlement, but did not immediately request payment of the settlement proceeds due to problems with other creditors. Respondent used the proceeds from the settlement for his business and personal use without the permission or authorization of his clients. On or about November 21, 1985, Richard Dansel went to respondent's office and requested payment of the settlement proceeds. While Mr. Dansel waited in the office, respondent obtained and delivered to his client a cashier's check in the amount of $12,500.00, being the full amount of the settlement proceeds. The foregoing facts, although summarized, are not disputed by the respondent.

The Kansas Board for Discipline of Attorneys held a hearing on the complaint and on January 13, 1988, filed its report with the Clerk of the Appellate Courts in which it made extensive findings of fact and conclusions of law. The panel unanimously concluded that the evidence clearly and convincingly showed:

"1. Respondent failed to preserve the identity of funds belonging to his clients, Richard Dansel and David Dansel, in that he deposited funds belonging

to them in his personal and business account along with funds belonging to Respondent, and not in a separate account designated for clients' funds, in violation of DR 9-102(A) [1987 Kan. Ct. R. Annot. 123].

"2. Respondent engaged in conduct involving dishonesty in utilizing his clients' funds for his personal and business purposes without the consent of his clients, in violation of DR 1-102(A)(4) [1987 Kan. Ct. R. Annot. 123]."

The panel then recommended that the respondent be suspended from the practice of law for a period of one year, pursuant to Rule 203(a)(2) (1987 Kan. Ct. R. Annot. 102), and that respondent's suspension run concurrently with the suspension ordered by the Supreme Court in Case No. 61,068 (*In re Smith*, 242 Kan. 334, 747 P.2d 118 [1987]).

After a careful review of the record, this court concurs with the panel that the respondent should be suspended from the practice of law in Kansas for a period of one year. We feel, however, that the suspension should not run concurrently with the suspension ordered in Case No. 61,068.

IT IS THEREFORE ORDERED AND ADJUDGED that William Van Horn Smith be and is hereby suspended from the practice of law in the State of Kansas for one year from this date and that the costs of this action be assessed to the respondent.

IT IS FURTHER ORDERED that the respondent shall forthwith comply with Supreme Court Rule 218 (1987 Kan. Ct. R. Annot. 116), and that this order shall be published in the official Kansas Reports.

Effective the 29th day of April, 1988.