No. 47,563

In the Matter of the Petition of ANTHONY R. RUSSO for Reinstatement.

(765 P.2d 166)

Opinion filed December 9, 1988.

*Per Curiam:* Anthony R. Russo, an attorney formerly admitted to the practice of law in Kansas, has petitioned this court for readmission to the bar of Kansas pursuant to Supreme Court Rule 219 (1988 Kan. Ct. R. Annot. 135). Mr. Russo was originally disbarred by consent in 1976 when he voluntarily surrendered his license to practice law to avoid further disciplinary proceedings. *In re Russo*, 220 Kan. 181, 551 P.2d 787 (1976).

In 1980, Mr. Russo filed a petition with this court seeking readmission to the practice of law in Kansas. That petition was denied. *State v. Russo*, 230 Kan. 5, 630 P.2d 711 (1981), hereafter *Russo I*. In 1987, Mr. Russo again petitioned this court for readmission to the bar of Kansas.

The factual background leading to the surrender of Mr. Russo's license to practice law is fully set forth in *Russo I* and need not be repeated at length herein. Suffice it to say, Mr. Russo was convicted in federal court "of conspiring to carry on prostitution and bribery in Kansas in violation of the Kan. Stat. Ann. §§ 21-3512, 3513 and 3901 by traveling and causing travel in interstate commerce and by using and causing the use of facilities in interstate commerce, including wire communication facilities, in violation of 18 U.S.C. § 1952," and that conviction was affirmed on appeal. *United States v. Russo*, 527 F.2d 1051 (10th Cir. 1975).

In *Russo I* hearings were held by a panel of the Kansas Board for Discipline of Attorneys and the panel recommended that Mr. Russo be readmitted to the practice of law in Kansas. However, a majority of the members of this court were of the opinion that the underlying nature of the criminal offense for which Mr. Russo was convicted was so serious that his readmission to the practice of law should be denied. The court set forth eight factors which should be considered in any reinstatement proceeding including

"the seriousness of the original misconduct." *State v. Russo*, 230 Kan. 5, Syl. ¶ 4. Those factors, while not intended to be all-inclusive, have been considered by the Kansas Board for Discipline of Attorneys in numerous cases and were again considered in the present proceeding.

The evidence presented by the petitioner in *Russo I* was set forth in detail in the dissenting opinion of Mr. Justice Prager. The evidence presented in the present application, although not nearly as voluminous, was similar to that of the petitioner in *Russo I*, and again a panel of the Kansas Board for Discipline of Attorneys has recommended that Mr. Russo be readmitted to the practice of law upon condition that he pass the Kansas bar examination.

In *Russo I* we stated:

"Conspiracy to bribe a police officer in order to protect and promote other illegal activities is an offense that is totally repugnant to the administration of justice and the duties of an attorney who has taken a solemn oath to uphold the constitutions and laws of the United States and the State of Kansas. Such an offense strikes at the very heart of our criminal justice system and if tolerated could completely destroy our system of justice as it has always existed in this country. It is obvious from the cases that each petition for reinstatement must be considered on its own merits and that such decisions must be made on a case by case basis depending upon the facts involved. The refusal to grant Mr. Russo reinstatement to practice law in spite of the recommendations of the hearing panel does not deprive him of equal protection of the law. Considering the gravity of the offense for which petitioner was originally convicted, a majority of this court is of the opinion that the petition of Anthony R. Russo for reinstatement at this time to the practice of law in Kansas must be and is hereby denied." 230 Kan. at 12.

Throughout the various proceedings involving Mr. Russo, he has consistently argued that he was only convicted of conspiracy to violate interstate commerce in furtherance of prostitution and bribery and that he has never been convicted of, or even charged with, either promoting prostitution or bribery. Why Mr. Russo was never charged with violations of the Kansas laws against bribery and promoting prostitution we do not know. The fact that the conspiracy for which he was convicted may not have been successful does not reduce the seriousness of the original offense. A conspiracy to violate the bribery statutes of Kansas, whether successful or not, "strikes at the very heart of our criminal justice system." *State v. Russo*, 230 Kan. at 12.

Numerous courts have found that certain ethical, moral, or

criminal violations may be so serious as to require permanent disbarment. *E.g., Matter of Ramsey*, 279 S.C. 29, 301 S.E.2d 470 (1983) (conspiracy to distribute marijuana and cocaine and distribution of cocaine); *In re Clark*, 83 N.J. 458, 416 A.2d 851 (1980) (gross neglect of clients' business and misuse of clients' trust funds); *Bar Ass'n v. Fennell*, 63 Ohio St. 2d 113,, 406 N.E.2d 1129 (1980) (neglect of clients' affairs, misrepresentations to clients, misuse of clients' funds, etc.); *Matter of Kerr*, 424 A.2d 94 (D.C. 1980) (mail fraud); *Kentucky Bar Ass'n v. Wilson*, 555 S.W.2d 953 (Ky. 1977) (forgery and misuse of clients' funds); *In re Philip Weinstein*, 254 Or. 392, 459 P.2d 548 (1969) (use of runners to solicit business and other professional misconduct); *The Florida Bar v. Rassner*, 172 So. 2d 818 (Fla. 1965) (misuse of clients' trust funds). While we agree that the foregoing violations are extremely serious, in our opinion, none approaches the seriousness of the conduct of petitioner.

In *Russo I* we said:

"While the evidence before the panel indicates that many respected members of petitioner's community sincerely believe that he has been totally rehabilitated and should be again admitted to the practice of law, it is this court's duty to determine whether the readmission of Mr. Russo to the practice of law would be in the best interests of justice and the people of the State of Kansas." 230 Kan. at 8.

That statement is equally applicable to the proceeding now before the court.

It is the opinion of a majority of the members of the court that the seriousness of the original misconduct of Mr. Russo is such that his disbarment should be permanent.

The petition for readmission to the bar of Kansas is denied.