Bar Docket No. 04792

In the Matter of the Petition of
JOHN W. SOWERS for Reinstatement.
(771 P.2d 933)

Opinion filed April 14, 1989.

*Per Curiam*: On March 18, 1981, the petitioner, John W. Sowers, voluntarily surrendered his certificate to practice law. The surrender was accepted by this court and the petitioner was disbarred on the 20th day of March, 1981. *In re Sowers*, 229 Kan. 411, 625 P.2d 1 (1981).

On February 22, 1988, Mr. Sowers filed a petition with this court, seeking reinstatement to practice law in Kansas pursuant to Supreme Court Rule 219 (1988 Kan. Ct. R. Annot. 135). The petition was referred to the disciplinary administrator for consideration by a panel of the Board for Discipline of Attorneys. On November 4, 1988, a hearing was held before the panel in the Kansas Judicial Center, Topeka, Kansas.

On March 9, 1989, the panel filed its report summarizing the evidence presented, together with the panel's findings and recommendations. The panel unanimously recommended that the petitioner be reinstated to the practice of law in Kansas, conditioned upon petitioner's completing a Kansas Bar Review course and 15 hours of approved CLE within one year from the date of reinstatement, and practicing under the supervision of a licensed attorney for a period of one year. Since the report was favorable, nothing further was required of petitioner and, pursuant to Supreme Court Rule 219(d), the matter is deemed submitted for consideration by this court.

As we noted in *State v. Russo*, 230 Kan. 5, 630 P.2d 711 (1981), the reports and recommendations of the Board for Discipline of Attorneys and its hearing panel are advisory and not binding upon this court. Notwithstanding the panel's recommendations, a majority of this court is of the opinion that reinstatement should be denied.

The reason for Mr. Sowers' surrender of his certificate to practice law in Kansas may be summarized as follows: On Feb-

ruary 11, 1980, Mr. Sowers was indicted by an Oklahoma grand jury for violating 18 U.S.C. §§ 2, 371, 1341, 1343, and 2314 (1976) (conspiracy to commit various felony offenses against the United States, *i.e.*, fraud by use of mails or wire communications in interstate commerce, securities violations, travel in interstate commerce to execute a scheme to defraud, etc.). On September 8, 1980, after a three-and-one-half-week jury trial, Mr. Sowers was found guilty of six of ten counts, and sentenced to two and one-half years. He served 11 months at El Reno Prison Camp in El Reno, Oklahoma. He completed his parole in 1985.

In *Russo*, this court set forth eight factors to be considered in a reinstatement proceeding. *State v. Russo*, 230 Kan. 5, Syl. ¶ 4. Those factors are not all-inclusive and were considered by the hearing panel in reaching its recommendations in the present case. We note that much of the evidence presented to the panel by Mr. Sowers was in support of his contention that his convictions were either contrary to the evidence or a result of incompetent counsel, or both. Notwithstanding his contention, the convictions are conclusive on the issue of his guilt of the crimes charged.

In denying Mr. Russo's petition for reinstatement the second time, we noted that other jurisdictions had found certain moral, ethical, or criminal violations to be so serious as to require permanent disbarment. We said: "While we agree that the foregoing violations are extremely serious, in our opinion, none approaches the seriousness of the conduct of petitioner." *In re Russo*, 244 Kan. 3, 5, 765 P.2d 166 (1988). As in *Russo*, a majority of the members of this court is of the opinion that, due to the seriousness of Mr. Sowers' misconduct, it would not be in the best interests of justice and the people of the State of Kansas to reinstate Mr. Sowers to the practice of law.

The petition for reinstatement to the practice of law in Kansas must be and is hereby denied.