No. 63,251

In the Matter of WILLIAM VAN HORN SMITH, *Respondent.*
(771 P.2d 931)

Opinion filed April 14, 1989.

*Bruce E. Miller*, disciplinary administrator, argued the cause for petitioner.

*William Van Horn Smith* appeared pro se.

*Per Curiam*: This is an original proceeding in discipline filed by Bruce E. Miller, disciplinary administrator, against William Van Horn Smith, of Garden City, an attorney duly admitted to the practice of law in Kansas. Two earlier proceedings against the respondent are *In re Smith*, 243 Kan. 159, 754 P.2d 808 (1988), and *In re Smith*, 242 Kan. 334, 747 P.2d 118 (1987). Both prior proceedings were initated for failure of respondent to segregate client funds in attorney trust accounts, and to properly account for and distribute client funds. Both proceedings resulted in respondent being suspended from the practice of law for a period of one year. His current suspension extends to April 29, 1989.

The facts are not in dispute. They are set forth in the findings of fact of the hearing panel of the Board for Discipline of Attorneys as follows:

"In early 1987, respondent received two checks from the Estate of Howard L. Miles in the combined sum of $31,500.00 for distribution to Rebecca L. Baier. The estate funds were distributed through respondent pursuant to a Family Settlement Agreement prepared by William Van Horn Smith. Respondent endorsed both checks in the name of Rebecca L. Baier, and he converted the funds to his personal use. The estate funds were not segregated and maintained in respondent's trust account.

"Respondent represented Rebecca L. Baier and her husband in several unrelated legal matters, including the payment of judgments and debts. Various creditors of Mr. and Mrs. Baier were paid by respondent through September, 1987, following negotiations for the compromise of disputed claims. On November 6, 1987, respondent remitted $1,500.00 to Rebecca L. Baier in settlement of the funds received through the Estate of Howard L. Miles.

"No formal accounting of trust funds was provided to Rebecca L. Baier by respondent, but a statement for professional services was rendered on March 8, 1988. Although respondent utilized the estate funds for payment of his personal obligations, he eventually obtained other funds from unidentified sources to complete the distribution of estate funds to Rebecca L. Baier and her creditors.

"Rebecca L. Baier makes no complaint concerning the legal services per-

formed by respondent apart from brief delays in settling the claims of creditors and the delay in rendering a statement for legal services until March, 1988.

"Respondent's dealings with Rebecca L. Baier appear to be a continuation of the activity reflected in the prior disciplinary proceedings. Respondent misused the funds of various clients from mid-1985 until the fall of 1987, when the first disciplinary proceeding was brought to hearing. In each of these matters, respondent appears to have performed valuable and effective services for his clients. No evidence of a loss of client funds has been presented to the Board for Discipline, although the restoration of client funds was delayed as in the present case. The pattern and continuity of respondent's behavior is apparent."

The panel concluded that respondent had violated Canons 1 and 9 (1988 Kan. Ct. R. Annot. 142, 179) by converting client funds and by failing to preserve the funds in the required trust accounts. The panel recognized that respondent's professional competence was not in issue, and that he has demonstrated the ability to serve clients well throughout his years of practice, his service to the Bar, and his professional publications. The panel further found the conduct to be knowing and willful, but without design to injure the interests of his clients. The panel stated:

"Respondent snared himself into a pattern of misconduct during 1985 from which the only avenue of escape was personal bankruptcy. Respondent took that corrective measure after the misconduct in the present matter and after the imposition of discipline in [the earlier cases.] The hearing panel believes that the circumstances do not excuse or justify the present misconduct. Likewise, the prior suspensions from the practice of law do not constitute adequate sanctions for his continuing behavior."

The panel concluded by recommending that respondent be suspended for an additional year, commencing with the filing of the court's opinion in this proceeding.

This court has carefully reviewed the record. The conduct complained of in this proceeding occurred, at least partially, during the pendency of the two earlier proceedings. The infraction here is similar to that in each of the earlier cases. Respondent thus was aware of the seriousness of the infraction—the commingling of client funds, the failure to segregate, and the unauthorized use of client funds at the time the facts giving rise to this proceeding took place. Yet he took no corrective action. To respondent's credit, his client suffered no loss; all of the money due respondent's client has been paid to her or to others at her direction.

We view the continuing nature of respondent's violations of the Code of Professional Responsibility to be most serious. The

majority of this court concludes that greater discipline than that heretofore imposed is required. Respondent must therefore be indefinitely suspended from the practice of law in this state.

IT IS THEREFORE ORDERED AND ADJUDGED that William Van Horn Smith be and he is hereby suspended indefinitely from the practice of law in the State of Kansas; that the costs of this proceeding be assessed to the respondent; and that this order shall be published in the official Kansas Reports.

Effective the 14th day of April, 1989.