No. 66,330

In the Matter of STEVEN R. SMITH, *Respondent.*

(814 P.2d 445)

Opinion filed July 12, 1991.

*Stanton A. Hazlett*, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*Jack Focht*, of Focht, Hughey, Hund & Calvert, of Wichita, argued the cause for the respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the disciplinary administrator against Steven R. Smith, of Wichita, Kansas, an attorney licensed to practice law in the State of Kansas.

The disciplinary administrator filed a three-count complaint involving numerous conversions of funds of clients and of the law firm in which respondent was a partner, which occurred during the years 1984 to 1988. The respondent admitted the factual allegations and that they constituted violations of DR 1-102(A)(4) and (6) (1990 Kan. Ct. R. Annot. 165) and Model Rules of Professional Conduct 8.4(c), (d), and (g) (1990 Kan. Ct. R. Annot. 290).

The hearing panel received stipulated evidence; heard testimony concerning the reasons for the respondent's conduct, his explanation thereof, and what he had done in mitigation; and heard evidence concerning the proposed plan of rehabilitation.

Respondent is 42 years of age. He was, and had been for a number of years, a partner in a large, prestigious law firm in Wichita, Kansas. During the years 1986, 1987, and 1988, his income from the practice of law ranged from $90,000 to in excess of $100,000 annually. Starting in 1984, he began falsifying expense vouchers. When this was discovered in 1988, he immediately resigned from the partnership and notified the disciplinary administrator what he had done.

The disciplinary administrator's office filed a three-count complaint. The first count alleged respondent had mishandled and misappropriated the law firm's funds and the law firm's clients' funds in excess of $18,000. It was alleged, and respondent con-

cedes, that he charged fictitious expenses to the clients and also inflated legitimate expenses.

The second count alleged that respondent had obtained a firm check, which he filled out in the amount of $2,600, with no payee shown on the face of the check. The notation on the face of the check indicated the money was used to pay for an expert witness. The money was converted to the respondent's personal use. When the final bill was sent to the client, the charge for the expert witness was deleted. The respondent increased the number of hours he actually spent on the case and charged his client for Westlaw research expenses he did not incur in order to conceal the fact that he had converted $2,600.

The third count alleged respondent had retained a $6,000 workers compensation fee which belonged to the firm and converted the money to his own use.

The record does not reflect the exact amount involved in these and other incidents and that fact will probably never be known. Respondent testified he had signed over his interest in the partnership and forfeited other funds, having a total value of $29,400. He also entered into a diversion agreement in the District Court of Sedgwick County, Kansas, concerning criminal charges arising out of his acts, in which he agreed to reimburse the firm an additional $34,012.45. Thus, the record before us shows that he has, in part, reimbursed the firm's clients and his former law firm and agreed to pay a total of $63,412. The record indicates the law firm has made a diligent effort to see that all of the clients have been reimbursed.

Since his resignation, respondent has been employed by the law firm of Render, Kamas & Hammond, of Wichita. Al Kamas of that firm, with the aid and advice of respondent's attorney, Jack Focht, has undertaken a compassionate and comprehensive program to rehabilitate respondent and salvage his legal career. They arranged professional mental help and marshaled all of the evidence presented to the panel. We do not deem it necessary to detail the mitigating evidence presented. The hearing panel noted that approximately 150 members of the Kansas Bar expressed support for a plan of probation on behalf of the respondent. The panel stated there was reason to suspect some

orchestration, but found that lawyers statewide do support a system of probation as one of the disciplinary options.

The panel recommended that

"Steven R. Smith be suspended from the practice of law for a period of five years. We further recommend that after serving one full year of suspension from the date that this matter is finalized pursuant to Rule 212 [1990 Kan. Ct. R. Annot. 149], the respondent shall be placed on probation for the remaining four years and reinstated subject to the following terms:

"a. All legal work performed by the respondent during his probationary period shall be under the direct supervision of a licensed, practicing attorney, retired member of the judiciary, or a committee composed of more than one attorney. The names and addresses of those who will assume this responsibility shall be submitted to the Disciplinary Administrator for approval prior to reinstatement.

"b. The personal financial affairs of the respondent shall be reviewed on a quarterly basis through the first two years of his probation and on a semi-annual basis for the remaining two years. Written confirmation of the financial review shall be furnished to the Disciplinary Administrator."

It is well established that the panel's findings and recommendations are advisory only and are not binding on the court. *State v. Phelps*, 226 Kan. 371, 378-79, 598 P.2d 180 (1979); *State v. Johnson*, 219 Kan. 160, 546 P.2d 1320 (1976). It is the responsibility of this court to examine the evidence and determine for itself the discipline to be imposed. *State v. Klassen*, 207 Kan. 414, 415, 485 P.2d 1295 (1971).

Here, the respondent was more than capable of functioning as an attorney. His professional skill as an attorney was recognized by the bench and bar. He did not engage in an isolated incident of ethical misconduct. The conversion of funds was a series of repeated acts which occurred over a period of four years and a substantial amount of money was involved.

We are of the opinion that respondent's conduct requires disbarment.

IT IS THEREFORE ORDERED that Steven R. Smith be, and he is hereby, disbarred from the practice of law in the State of Kansas. The privilege and license of Steven R. Smith to practice law in this state are hereby revoked, and the Clerk of the Appellate Courts is directed to strike the name of Steven R. Smith from the roll of attorneys in the State of Kansas.

IT IS FURTHER ORDERED that Steven R. Smith shall forthwith comply with the provisions of Rule 218 (1990 Kan. Ct. R. Annot. 155).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of this action be assessed to the respondent.

HOLMES, C.J., not participating.