No. 66,330

In the Matter of the Petition of STEVEN R. SMITH for Reinstatement.

(953 P.2d 222)

*Opinion filed January 23, 1998.*

*Per Curiam:* The petitioner, Steven R. Smith, was disbarred by this court on July 12, 1991. *In re Smith*, 249 Kan. 227, 814 P.2d 445 (1991).

On August 23, 1996, Smith filed a petition with this court, seeking reinstatement to practice law in Kansas pursuant to Supreme Court Rule 219 (1997 Kan. Ct. R. Annot. 245). On September 9, 1996, the petition was referred to the Disciplinary Administrator for consideration by a panel of the Kansas Board for Discipline of Attorneys. On April 9, 1997, a hearing was held before the panel.

On November 17, 1997, the panel filed its report, setting out a detailed analysis of petitioner's original misconduct and his subsequent conduct, together with the panel's findings and recommendations. The panel unanimously recommended that petitioner be reinstated to the practice of law in Kansas. Since the report was favorable, nothing further was required of petitioner and, pursuant to Supreme Court Rule 219(d), the matter is deemed submitted for consideration by this court.

The panel reviewed and applied the eight factors set forth in *State v. Russo*, 230 Kan. 5, Syl. ¶ 4, 630 P.2d 711 (1981), concluding that all the factors favored petitioner's reinstatement to the practice of law. The panel found the crucial factor to be petitioner's rehabilitation "balanced against the seriousness of the original conduct." The panel concluded: "We have never heard evidence of rehabilitation as convincing as the Petitioner's, and we have never been as confident at the close of the hearing that the Petitioner has truly changed and is unlikely to engage in future unethical conduct."

As we noted in *Russo*, the reports and recommendations of the Board for Discipline of Attorneys and its hearing panel are advisory and not binding upon this court. Notwithstanding the panel's recommendation, a majority of this court is of the opinion that reinstatement should be denied.

A majority of this court does not agree with the panel's conclusions that petitioner's rehabilitation, at this time, balances the seriousness of the original conduct. This court noted in the original disciplinary proceedings that petitioner admitted to misappropriating and converting funds of clients and of the law firm. Although the exact amount probably will never be known, we noted that petitioner had either reimbursed or agreed to pay a total of $63,412. In addition, petitioner was charged with two counts of misdemeanor theft and two counts of felony theft. Petitioner entered into a diversion agreement in Sedgwick County District Court on the four theft charges.

We do not take the recommendation of the panel lightly. In denying Russo's petition for reinstatement the second time, this court noted that other jurisdictions had found certain moral, ethical, or criminal violations to be so serious as to require permanent disbarment. We said: "While we agree that the foregoing violations are extremely serious, in our opinion, none approaches the seriousness of the conduct of petitioner." *In re Russo*, 244 Kan. 3, 5, 765 P.2d 166 (1988). As in *Russo*, a majority of the members of this court is of the opinion that, due to the seriousness of petitioner's misconduct, it would not be in the best interests of justice and the people of the state of Kansas to reinstate petitioner to the practice of law. Disbarment is not permanent, but our research failed to disclose a reported case in which a disbarred attorney was reinstated to the practice of law in Kansas. This is a reflection of how seriously this court views disbarment.

The petition for reinstatement to the practice of law in Kansas must be and is hereby denied.