No. 95,413

In the Matter of CHRISTOPHER P. CHRISTIAN, *Respondent.*

(135 P.3d 1062)

Opinion filed June 9, 2006.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the brief for the petitioner.

*Larry D. Toomey,* of Toomey Pilgreen, LLC, of Wichita, argued the cause and was on the briefs for respondent. *Christopher P. Christian,* respondent, did not appear.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Christopher P. Christian, of Wichita, an attorney admitted to the practice of law in Kansas.

A disciplinary panel of the Kansas Board for Discipline of Attorneys conducted a formal hearing, as required by Kansas Supreme Court Rule 211 (2005 Kan. Ct. R. Annot. 287). The panel found that Christian violated KRPC 1.5(d) (2005 Kan. Ct. R. Annot. 397) (fees); KRPC 1.15(b) (2005 Kan. Ct. R. Annot. 431) (safekeeping property); KRPC 4.1(a) (2005 Kan. Ct. R. Annot. 479) (truthfulness in statements to others); and KRPC 8.4(c) (2005 Kan. Ct. R. Annot. 504) (misconduct). The panel unanimously recommended that Christian be disbarred. Christian filed exceptions to the hearing panel's report. He argues that the panel failed to properly consider the mitigating factors he presented as well as his proposed plan for supervised probation. He also asks this court to consider new information concerning his health which was not available at the time of the disciplinary hearing. Christian presented medical records and physician reports documenting his diagnosis and prognosis. He also filed a motion requesting his presence in court be excused because of his health. The court granted the motion and allowed Christian to submit a written statement.

## HEARING PANEL'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

At the disciplinary hearing, Christian admitted the allegations contained in the formal complaint with the exception of one paragraph which was stricken and is not at issue here. Thus, the primary issues before the hearing panel were mitigation and the appropriate discipline, the same issues which are now before this court.

Although Christian filed exceptions to the hearing panel's report, in his appellate brief he argues only that the panel failed to give proper consideration to mitigating factors and to his proposed probation plan. Christian makes no argument that the hearing panel erred in its findings of facts or conclusions of law.

Highly summarized, the hearing panel found that, while working for the law firm of Hutton & Hutton as an associate, Christian converted money belonging to the firm on numerous occasions by accepting attorney fees from clients and failing to deliver those fees to the firm. Christian converted a total of $36,777.51 to his own use in seven separate cases and his law firm incurred $22,300 in attorney fees while investigating Christian's misconduct. Christian's employment with the law firm was terminated. Prior to his termination, the respondent had settled a substantial case and the firm had promised the respondent a bonus of approximately $100,000. Christian and the firm agreed that the firm would retain the bonus in settlement of all claims and that the bonus would serve as Christian's restitution.

The hearing panel found that Christian violated KRPC 1.5(d) (fees) by failing to provide a settlement sheet to three of his clients. The panel found that Christian violated KRPC 1.15(b) (safekeeping property) by failing to promptly notify his law firm that he had received funds and failing to deliver those funds to the firm. The panel found that Christian had violated KRPC 4.1(a) (truthfulness in statements to others) by falsely stating to a client in a letter that he would reimburse his law firm for the expenses advanced by the firm in his client's case and by misrepresenting the actual fees collected on his handwritten sheet of cases resolved and fees gen-

erated. Finally, the panel found that Christian had violated KRPC 8.4(c) (misconduct) by engaging in dishonesty when he knowingly and repeatedly converted attorney fees belonging to the firm for his own use.

After considering the Standards for Imposing Lawyer Sanctions outlined by the American Bar Association, including the existence of aggravating and mitigating factors, the hearing panel unanimously recommended that Christian be disbarred. The panel concluded that Christian had intentionally violated his duty to maintain personal integrity and that Christian's misconduct had caused actual harm to the legal profession and had undermined public confidence in the legal profession.

As aggravating factors, the hearing panel found that Christian had previously been disciplined by this court in *In re Christian,* 238 Kan. 451, 709 P.2d 987 (1985), when he was indefinitely suspended for failing to file suit prior to the running of the statute of limitations and misrepresenting to the client that the amount paid in settlement came from the adversary's insurer when, in fact, the funds came from the law firm. In that case, the hearing panel found, among other violations, that Christian's conduct had been dishonest and deceitful. The panel recommended a 1-year suspension. This court rejected that recommendation, finding the "serious nature of the conduct" required indefinite suspension. 238 Kan. at 452.

Christian was reinstated to the practice of law in 1991 (*In re Christian,* 249 Kan. 305, 817 P.2d 659 [1991]). He was again disciplined in 1997 when the Disciplinary Administrator informally admonished him for violating MRPC 1.4 regarding communication.

As additional aggravating factors, the hearing panel found that Christian's dishonest conduct was motivated by selfishness, involved a pattern of misconduct in that he converted fees in seven separate cases over a period of 21 months, involved multiple offenses, and that Christian had substantial experience in the practice of law where he had been practicing for approximately 25 years.

As mitigating factors, the hearing panel found that Christian had fully cooperated in the disciplinary process, acknowledged his mis-

conduct, and expressed remorse. The panel also found that Christian had a reputation for being an effective personal injury attorney and that his competence had not been questioned. Finally, the panel noted that the firm had expressed satisfaction with the restitution arrangement, although the firm also believed Christian should lose his license to practice law.

In recommending disbarment, the hearing panel considered ABA Standard 5.11 (1991) which states that disbarment is generally appropriate when:

"(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; . . . or

"(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice."

The hearing panel rejected Christian's proposal that he be placed on supervised probation, finding, "as a matter of law, that the Respondent's plan of probation does not include adequate safeguards to protect the public from further misconduct. Additionally, placing the Respondent on probation is not in the best interests of the legal profession and the citizens of the State of Kansas."

The hearing panel also noted a disciplinary case with similar facts, *In re Smith*, 249 Kan. 227, 814 P.2d 445 (1991), wherein this court disbarred an attorney who had converted funds belonging to both clients and his law firm over a period of 4 years. When Smith petitioned for reinstatement 7 years later, this court rejected his petition, noting "the seriousness of the original conduct." *In re Smith*, 263 Kan. 569, 570, 953 P.2d 222 (1998).

### STANDARD OF REVIEW

This court's standard of review in disciplinary cases is well known:

" 'In disciplinary matters, this court must examine the evidence and determine the judgment to be entered. In doing so, the findings of fact, conclusions of law, and recommendations made by the disciplinary panel are advisory only, but will be given the same dignity as a special verdict by a jury or the findings of a trial court. The disciplinary panel's report will be adopted where amply sustained by the evidence, but not where it is against the clear weight of the evidence or where

the evidence consisted of sharply conflicting testimony. [Citations omitted.] We apply these rules in considering the evidence, the findings of the disciplinary panel, and the arguments of the parties in making our determination of whether violations of KRPC exist, and, if they do, deciding upon the appropriate discipline to be imposed. [Citation omitted.]' " *In re Wright*, 276 Kan. 357, 370, 76 P.3d 1018 (2003).

This court is not bound by the hearing panel's recommendation of discipline and makes its own determination of the appropriate sanction. *In re Wenger*, 279 Kan. 895, 909, 112 P.3d 199 (2005).

Christian does not challenge the hearing panel's findings of fact or conclusions of law regarding the violations. We conclude the hearing panel's findings of fact are amply supported by the record, and the factual findings support the panel's conclusions of law regarding the ethical violations previously specified.

## MITIGATING FACTORS

Christian does take issue with the hearing panel's findings and conclusions regarding mitigating factors. He argues that the panel failed to properly consider the evidence he presented at the hearing in mitigation of his misconduct. The Disciplinary Administrator responds that the panel considered Christian's mitigating evidence, as demonstrated by the panel's findings that Christian had fully cooperated in the disciplinary process and acknowledged his misconduct, had expressed remorse and made restitution, and was recognized as an effective and competent personal injury attorney. According to the Disciplinary Administrator, the hearing panel simply did not find the evidence regarding two other mitigating circumstances — Christian's psychological condition and family and financial problems — sufficient to justify a finding that those should be recognized as mitigating factors.

### Psychological Condition

Christian argues that the hearing panel should have considered in mitigation the fact that he was suffering from depression and an anxiety disorder which significantly impacted his judgment and ability to control his behavior and that he is now responding well to treatment and can be expected to conform his behavior to the proper requirements. Christian testified that immediately after he

was terminated from Hutton & Hutton, he went to see psychologist T.A. Moeller who performed some testing and then referred him to his partner, psychologist Janet Fink, for treatment.

The Disciplinary Administrator concedes that Christian presented evidence of a mental disability but argues that there was no evidence to show that his mental disability caused the misconduct, as required by ABA Standard 9.32(i) (1992 Supp.). Standard 9.32(i) provides that mental disability is a mitigating factor when:

"(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;
(2) the chemical dependence or mental disability caused the misconduct;
(3) the respondent's recovery from chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely."

The Disciplinary Administrator is correct that the evidence does not establish that Christian meets these requirements. In a May 29, 2002, letter, Dr. Fink stated, "[I]t is not possible to define how much the Dysthymia did or did not impact his decision to misappropriate funds from the firm." Christian himself admitted at the hearing that his depression contributed to, but was not the sole cause of, his misconduct. Thus, Christian's mental condition will not be considered a mitigating factor because the evidence did not indicate that Christian's condition caused his misconduct.

Family and Financial Problems

Christian also points out that during the time period in question, he discovered that his 78-year-old father suffered from a gambling addiction and his father asked him for financial assistance. Christian used some of the money he converted from the firm to help his father pay debts and argues that these facts show he was not acting with a selfish motive.

The Disciplinary Administrator argues that the full context of Christian's testimony about his financial situation shows that he was acting with a selfish motive. Christian converted an amount significantly more than was required to pay his father's debts. Fur-

thermore, Christian's alleged financial difficulties and his conversion of funds occurred at a time when he had a substantial annual income: $373,000 in 1999 and $718,000 in 2000 before taxes.

The hearing panel's finding that Christian's misconduct had a selfish motive was supported by substantial competent evidence.

## PROBATION PLAN

Next, Christian contends that the hearing panel failed or refused to consider his proposed probation plan. However, as the Disciplinary Administrator notes, the panel found that the probation plan did not contain adequate safeguards to protect the public from further misconduct and that placing Christian on probation was not in the best interests of the legal profession and the citizens of the state of Kansas. These findings make clear that the hearing panel did consider Christian's proposed probation plan but did not find it acceptable.

Christian reminds this court that his misconduct involved the conversion of funds from his law firm and not from clients. He also points out that he has fully repaid any loss the law firm sustained as a result of his misconduct. Furthermore, the record indicates that Christian has been practicing law without any repetition of his misconduct since mid-2002.

However, the conclusion of the hearing panel is supported by substantial competent evidence. Larry Toomey, who would supervise Christian under the probation plan, admitted at the hearing that his financial oversight could be circumvented.

Furthermore, it is for this court to determine the appropriate discipline. We agree with the panel's conclusions that the probation plan does not contain adequate safeguards to protect the public from further misconduct and was not in the best interests of the legal profession and the citizens of the state of Kansas.

## CHRISTIAN'S CURRENT HEALTH

Finally, Christian asks this court to consider new evidence regarding the current state of his health which was not available at the time of the hearing. After the hearing in this matter, Christian was diagnosed with metastasized cancer and given a grim prog-

nosis. Christian asks that his punishment be postponed or his severity reduced because of the prognosis of a short life expectancy. The Disciplinary Administrator does not object to the court's consideration of this information, even though it was not included in the record.

The Disciplinary Administrator recognizes that Christian's health problems are tragic but argues that they do not diminish the significance of Christian's misconduct. The Disciplinary Administrator also points out the practical concern that Christian should not be taking on additional cases when his health problems might prevent him from concluding his representation in those cases. Accordingly, the Disciplinary Administrator argues that disbarment, as recommended by the hearing panel, is the appropriate discipline.

We agree. While we feel great compassion for Christian and his family because of his health, we cannot ignore the seriousness of his misconduct and the need to protect the public and the profession. This conclusion is strengthened by Christian's past conduct; despite previously being suspended from the practice because of dishonest conduct, he has repeated the pattern of deceit and misrepresentation.

Consequently, the court unanimously concludes that the hearing panel's recommended discipline of disbarment is warranted and appropriate. We agree with and adopt the hearing panel's conclusions and recommendations.

IT IS THEREFORE ORDERED that the respondent, Christopher P. Christian, be and he is hereby disbarred from the practice of law in the state of Kansas in accordance with Supreme Court Rule 203(a)(1) (2005 Kan. Ct. R. Annot. 247) for his violations of the Kansas Rules of Professional Conduct.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Christopher P. Christian from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that Christopher P. Christian comply with Supreme Court Rule 218 (2005 Kan. Ct. R. Annot 315).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of this action be assessed to respondent.