No. 66,330

In the Matter of STEVEN R. SMITH, *Petitioner*.

163 P.3d 1222

The petitioner, Steven R. Smith, was disbarred by this court on July 12, 1991, ordered to pay the costs of the disciplinary proceeding, and ordered to comply with Supreme Court Rule 218 (2005 Kan. Ct. R. Annot. 315). *In re Smith*, 249 Kan. 227, 814 P.2d 445 (1991).

In 1996, petitioner filed a petition with this court for reinstatement to practice law in the state of Kansas. The matter was referred by a panel of the Kansas Board for Discipline of Attorneys. The panel duly filed its report and unanimously recommended that the petitioner be reinstated, stating in part:

"This panel has no misgivings as to the present moral fitness of Petitioner, nor his demonstrated consciousness of his wrongful conduct and the disrepute it has brought to the profession. Petitioner's conduct subsequent to discipline has been exemplary, especially in the manner in which he has put his financial house in order and resolved the many onerous obligations he faced. . . .

. . . .

"Petitioner rebuilt his life from the ground up after his disbarment. He has lived modestly, repaid his debts, worked hard, and reestablished the trust of his family, friends, and former professional peers. He has undertaken individual and group therapy to better understand the factors underlying his misconduct. The panel has no doubt as to Petitioner's sincerity and the depth of his regret at the dishonor he brought to himself and the profession."

Nonetheless, a majority of this court did not agree that petitioner's rehabilitation outweighed the seriousness of his misconduct, declined to adopt the panel's recommendation, and denied reinstatement.

On November 26, 2003, petitioner again filed a petition with this court for reinstatement to the practice of law in Kansas. The petition was referred to the Disciplinary Administrator for consideration by the Kansas Board for Discipline of Attorneys, pursuant to Supreme Court Rule 219 (2005 Kan. Ct. R. Annot 327). On

January 24, 2006, a hearing was held before a panel of the disciplinary board.

On September 5, 2006, the panel filed its report setting out the circumstances leading to petitioner's suspension, a summary of the evidence presented, and the panel's findings and recommendations. The panel concluded that petitioner has fully complied with the orders of the Kansas Supreme Court and has met the burden of proof establishing his fitness to practice law. The panel unanimously recommended that Smith's petition for reinstatement to the practice of law in Kansas be granted.

In so doing the panel, like the first panel, reviewed and applied the eight factors set forth in *State v. Russo*, 230 Kan. 5, Syl. ¶ 4, 630 P.2d 711 (1981), and came to the same conclusion that a balancing of all the factors favor reinstatement of the petitioner. The panel concluded, as did the first panel, that petitioner is fully rehabilitated and that his record of rehabilitation balances the seriousness of the misconduct. The panel in making its recommendation concluded by stating:

"Furthermore, the Hearing Panel adopts the conclusions of the Hearing Panel that first heard the petition for an order of reinstatement. In recommending the Petitioner's reinstatement in 1997, that Hearing Panel stated:

'We do not know what further steps Petitioner could have undertaken to rehabilitate himself. We have read the Court's decisions and we understand full well the reluctance with which the Court considers accepting a disbarred lawyer back into the fold. The rules, however, contemplate restoration of one who rehabilitates himself. If ever those rules are to be applied to readmit a disbarred lawyer, we believe this should be the case and the time.

'. . . We have never heard evidence of rehabilitation as convincing as the Petitioner's and we have never been as confident at the close of the hearing that the Petitioner has truly changed and is unlikely to engage in future unethical conduct.' Accordingly, the Hearing Panel unanimously and without hesitation, strongly urges the Kansas Supreme Court to grant the Petitioner's petition for reinstatement."

Since the panel report recommends reinstatement, no response is required by petitioner, and pursuant to Supreme Court Rule 219(d), the matter is deemed submitted for consideration by this court.

The first panel framed the issue as to whether the gravity of petitioner's misconduct had been overcome by the quality of his rehabilitation. Two panels of the Kansas Board for Discipline of Attorneys, consisting of six experienced and respected members of the bar, have answered in the affirmative and unanimously and without hesitation asked this court to reinstate the petitioner. The panel found that since his disbarment the petitioner has continuously worked as a paralegal for the Render Kamas law firm. "The Petitioner has been a dedicated employee throughout his employment with Render Kamas. He has established himself as a valuable employee. He has maintained his legal knowledge through his employment, as well as through his attendance at numerous continuing legal education programs." The panel further found that "[t]he petitioner's competence in legal skills has never been questioned." The panel did not recommend that this court place any conditions upon Mr. Smith's reinstatement.

It is the opinion of a majority of this court that the panel's recommendation can no longer be ignored. We agree with the panel that Supreme Court Rule 219 contemplates reinstatement when a petitioner is completely rehabilitated and is fit to practice law.

The court, after carefully considering the record, accepts the findings and recommendation of the panel that petitioner be reinstated to the practice of law in Kansas. The court further finds that petitioner should be required to earn a minimum of 12 hours of CLE credit for the current registration period and pay the annual attorney registration fee for 2006-2007.

It Is Therefore Ordered that Steven R. Smith be reinstated to the practice of law in the state of Kansas conditioned upon his successful completion of the required 12 hours of CLE credit and payment of the annual attorney registration fee. Upon the report to the Clerk of the Appellate Courts that petitioner has earned the required 12 hours of continuing legal education and has paid the annual attorney registration fee, the Clerk is directed to enter petitioner's name upon the roster of attorneys engaged in the practice of law in Kansas.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to the petitioner.

DATED this 16th day of November, 2006.